```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CARNEL R. COLES,<br><br>    Plaintiff,<br> v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07464 (JBS-AMD)<br><br>**AMENDED OPINION** |

APPEARANCES

Carnel R. Coles, Plaintiff Pro Se
430 West Browning Road, Apt. H-3
Bellmawr, NJ 08031

**SIMANDLE, District Judge:**

  1. Plaintiff Carnel R. Coles seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1. The Court now vacates its Opinion and Order filed and entered June 6, 2017 in this matter (Docket Entries 5 and 6), and instructs the Clerk to file and enter this Amended Opinion and accompanying Amended Order on the docket. Based on Plaintiff's affidavit of indigency, the Court will grant Plaintiff's application to proceed *in forma pauperis*.

  2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is

proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**Claims Against CCCF: Dismissed With Prejudice**

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id*. at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

### Conditions Of Confinement Claims -- Overcrowding: Dismissed Without Prejudice

8. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional violation has occurred.

10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay*

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

5

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "[A]n overcrowded facility . . . at the Camden County Correctional Facility . . . led to an inhumane environment. To emphasize[,] there were four inmates to one cell . . . When sleeping at night I slept on the floor with no boat near the toilet because there was nowhere else to sleep." Complaint § III(C).

13. Plaintiff states that these events occurred "January 23, 2014 – June 6, 2016." *Id*. § III(B).

14. Plaintiff does not identify or otherwise describe any injuries sustained from these events. *Id*. § IV (blank).

15. Plaintiff does not identify or otherwise describe any requested relied. *Id*. § V (blank).

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

19. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[5]

---

[4] The amended complaint shall be subject to screening prior to service.

[5] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 18, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements for which Plaintiff was released after October 18, 2014.

20. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

### **Conditions Of Confinement Claims -- Jail Conditions: Dismissed Without Prejudice**

21. In addition to overcrowding, Plaintiff complains of several other alleged jail conditions during his confinement at CCCF: (a) "rodents"; (b) "sewer water flooding the floor as I slep[t]"; and (c) "insect in my food" (the foregoing three conditions of confinement collectively referred to hereinafter as "Jail Conditions"). Complaint § III(C). For the reasons set forth below, all such claims shall be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

22. A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997); *Monmouth Cnty.*, 834 F.2d at 345-46, n. 31; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[6] Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). *See also Mora v. Camden Cnty.*, No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010) (applying *Helling* to pretrial detainee). However, "a detainee seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating 'extreme deprivations.'" *Cartegena v. Camden Cnty. Corr. Facility*, No. 12-4409, 2012 WL 5199217, at *3 (D.N.J. Oct. 19, 2012) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)).

23. When a pretrial detainee complains about the conditions of his confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions

---

[6] "[T]he Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner," *Reynolds*, 128 F.3d at 173, and so the Eighth Amendment sets the floor for the standard applicable to pre-trial detainees' claims. *Bell*, 441 U.S. at 544.

"amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) ("*Hubbard I*"). In making such a determination, courts consider: (a) whether any legitimate purposes are served by the conditions at issue, and (b) whether those conditions are rationally related to those purposes. *Hubbard II*, 538 F.3d at 232 (quoting *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983)). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Hubbard I*, 399 F.3d at 159-60 (citations omitted).

24. The objective component of unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

25. Here, Plaintiff's allegations about the Jail Conditions do not surmount this constitutional analysis.

### a) Food Claim: Dismissed Without Prejudice

26. Plaintiff alleges that there were "insect[s] in my food" during his confinement at CCCF (hereinafter referred to as "Food Claim"). Complaint § III(C).

27. The general allegations of Plaintiff's Food Claim are insufficient to satisfy either the objective or subjective components to a Fourteenth Amendment Due Process cause of action.

28. The constitutionally adequate diet "must provide adequate nutrition, but corrections officials may not be held liable [as to detainee claims regarding food] unless the [plaintiff] shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp.2d 702, 719-20 (D.N.J. 2013) (citing *Stevenson*, 495 F.3d at 68 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("Unconstitutional punishment typically includes both objective and subjective components")).

29. Objectively, "[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation." *Duran*, 923 F. Supp.2d at 720 (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "Under the Eighth Amendment, which provides a floor for the rights of pretrial detainees, *see Natale v. Camden Cnty. Corr.*

*Facility*, 318 F.3d 575, 581 (3d Cir. 2003), inmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well-being." *Duran*, 923 F. Supp.2d at 720 (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramons v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *Mora*, 2010 WL 2560680, at *8).

30. Plaintiff's Food Claim has not satisfied this objective requirement. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp.2d at 720 (citing *Nickles v. Taylor*, Nos. 09-313, 09-557, 09-952, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010) ("A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities"). Here, the Complaint does not contend that there were frequently "insect[s] in my food" (Complaint § III(C)), that a significant portion of Plaintiff's diet consisted of food with insects, or that such fare caused more than temporary discomfort or displeasure. Complaint § III(C). Without any facts that are necessary to demonstrate substantial nutritional deprivation, such as how frequently "insect[s]" (Complaint § III(C)) were in Plaintiff's food, whether there were any food alternatives available to Plaintiff during incarceration that did not have insects in them, or

whether Plaintiff sustained any harm as a result of the supposed insects in his food, this Court cannot find that Plaintiff has stated a cognizable constitutional claim. (The foregoing examples are merely illustrative but not exhaustive or exclusive.) That is, without additional facts such as these, Plaintiff has not met the objective prong of the constitutional analysis. Occasional incidents during incarceration involving food are insufficient to show that Plaintiff has been denied life's necessities.

31. Additionally, Plaintiff has not alleged that CCCF officials possessed the requisite culpability to satisfy the subjective component of the Fourteenth Amendment analysis. As noted above, Plaintiff must establish that CCCF officials acted with "deliberate indifference" to his needs, meaning that they were subjectively aware of the alleged food conditions with insects and failed to reasonably respond to them. *Duran*, 923 F. Supp.2d at 721 (citing *Farmer*, 511 U.S. at 829 and *Mora*, 2010 WL 2560680, at *9). The test for deliberate indifference is "subjective recklessness" as that concept is understood in criminal law. *Duran*, 923 F. Supp.2d at 721 (citing *Farmer*, 511 U.S. at 839-40). Plaintiff has not offered any facts from which this Court can reasonably infer deliberate indifference by anyone at CCCF with respect to food conditions.

32. Given that Plaintiff has failed to demonstrate facts suggesting (a) that the food served to him at CCCF presented an objectively serious risk of nutritional deficiency (regardless of Plaintiff's dislike or displeasure) and (b) that prison officials responsible for such knew of that risk and were deliberately indifferent to it, the Complaint fails to state a claim for which relief may be granted. Accordingly, Plaintiff's Food Claim shall be dismissed without prejudice, with leave to file an amended complaint addressing its deficiencies, within 30 days after the date this Opinion and Order are entered on the docket, if Plaintiff elects to pursue this claim of deliberate indifference to a serious nutritional deprivation.

### b) **Rodent Claim: Dismissed Without Prejudice**

33. Plaintiff alleges that "there were rodents" during his time of incarceration at CCCF (hereinafter referred to as "Rodent Claim"). Complaint § III(C).

34. This general, non-specific allegation is insufficient to satisfy either the objective or subjective components of Fourteenth Amendment Due Process.

35. As to the objective prong of the test, Plaintiff does not offer any facts that are necessary to show that he was subjected to genuine privation and hardship over an extended period of time. While unsanitary living conditions may give rise to a conditions of confinement claim, the Complaint here

expresses nothing but Plaintiff's displeasure with less than perfect jail conditions ("there were rodents" (Complaint § III(C)). Plaintiff does not offer any facts that are necessary to demonstrate that the supposed rodent condition potentially jeopardized his health or in fact caused any injuries. The Complaint fails to demonstrate that his housing conditions were imposed as "punishment."

    36. Moreover, courts have, in fact, "routinely recognized that '[k]eeping vermin under control in jails, prisons and other large institutions is a monumental task, and that failure to do so, without any suggestion that it reflects deliberate and reckless conduct in the criminal law sense, is not a constitutional violation." *See*, *e.g.*, *Holloway v. Cappelli*, No. 13-3378, 2014 WL 2861210, at *5 (D.N.J. June 24, 2014) (citing *Chavis v. Fairman*, 51 F.3d 275, *4 (7th Cir. 1995) (internal citations omitted)).

    37. As to the subjective prong, Plaintiff has failed to allege facts showing, or from which this Court could infer, that any defendants were aware of, and disregarded, a substantial risk to Plaintiff's health and safety from the purported rodent situation. The Complaint is void of facts showing, by way of example, that any defendants either ignored the alleged rodents at CCCF or denied Plaintiff medical treatment for any health injuries arising from the supposed vermin. Complaint § III(C).

As such, Plaintiff's displeasure with the purported rodent situation is not actionable; there are no facts indicating any defendants acted with a culpable state of mind.

38. Accordingly, Plaintiff's Rodent Claim will be dismissed without prejudice, with leave to amend the complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet its deficiencies as noted herein, if Plaintiff elects to pursue this claim of deliberate indifference to a substantial risk to Plaintiff's health and safety from the purported rodent situation.

### c) Plumbing Claim: Dismissed Without Prejudice

39. Plaintiff also complains that there was "sewer water flooding the floor as I slep[t]" (hereinafter referred to as "Plumbing Claim"). Complaint § III(C).

40. Denial of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, which would include basic sanitary conditions, can be sufficient to state an actionable constitutional deprivation. However, the Complaint fails to set forth sufficient factual matter to show that the Plumbing Claim is facially plausible.

41. For example, the Complaint is silent regarding: the duration and frequency of the sewer water situation; whether Plaintiff sustained any injury from it; the nature of the water at issue (*e.g.*, from sink pipes or toilet pipes); the

approximate depth and volume of water that "flood[ed]" (Complaint § III(C)) Plaintiff's cell on each occasion that such incidents occurred; and the reason for the purported "flooding" (Complaint § III(C)) of Plaintiff's cell (*e.g.*, plumbing maintenance schedule, plumbing malfunction, etc.) (*see Passmore v. Ianello*, 528 F. App'x 144, 149 (3d Cir. 2013) ("[C]ourts will generally not interfere with prison administrative matters and will afford significant deference to judgments of prison officials regarding prison regulation and administration. *See, e.g., Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977) ('Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators')").

42. Furthermore, construing the Complaint - without deciding – to suggest that Plaintiff's Plumbing Claim relates in some manner to sanitary conditions, such "flooding" (Complaint § III(C)) condition "[may] no doubt [have been] unpleasant, [but] it does not pose an obvious health risk and consequently does not deprive [Plaintiff] the minimal civilized measures of life's necessities." *Carson v. Main*, No. 14-cv-7454, 2015 WL 18500193, at *4 (D.N.J. Apr. 15, 2015) (dismissing plaintiff's Fourteenth Amendment due process claim where neighboring cells shared plumbing pipes and required residents to flush their own toilet

to dispose of the neighboring cell's waste). "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. 539 n. 21. Plaintiff has failed to present facts demonstrating that the sewer water condition here passed this threshold. He does not contend that the "flooding" (Complaint § III(C)) was intended as punishment, or that he suffered adversely from it. The Complaint has not alleged that Plaintiff developed physical injuries as a result of the condition.

    43.    Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, the Complaint fails to set forth sufficient factual matter to show that the Plumbing Claim is facially plausible. *Fowler*, 578 F.3d at 210. Since Plaintiff's claim asserting "sewer water flooding the floor" (Complaint § III(C)) does not offer facts that are necessary to show that he was subjected to a genuine privation for an extended period, such allegations fail to state a claim and will be dismissed without prejudice, with leave to amend.

## **Conclusion**

44. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

45. An appropriate order follows.


**June 16, 2017**             **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                        U.S. District Judge